NEW YORK COUNTY.— HON. D. G. ROLLINS, SURRO-GATE.—December, 1884.

### WALSH v. DOWNS.

### In the ·matter of the estate of CATHERINE WALSH, deceased.

In a special proceeding, brought by an executor or administrator under Code Civ. Pro., § 2706, to discover property of the decedent withheld from the petitioner, the allegations on the part of the latter may be exclusively on information and belief, without disclosing the sources or grounds thereof. The only pre-requisite to the issuing of a citation, is the satisfaction of the Surrogate that there are reasonable grounds for the inquiry.

PETITION by Michael Walsh, executor of decedent's will, for the examination of John Downs and another, under Code Civ. Pro., § 2706, relating to proceedings to discover property of a decedent withheld from his representative. The facts appear sufficiently in the opinion.

L. W. EMERSON, *for petitioner.*

JOHN A. FOSTER, *for respondent.*

THE SURROGATE. — Counsel for the respondent, Downs, claims that this petition is insufficient, because its allegations, which are wholly upon information and belief, do not state the sources of the petitioner's information, or the grounds of his belief. In proceedings of this character, I think that such averments are unnecessary. The Surrogate may direct a citation to issue, and parties cited to be examined, whenever he is satisfied that there are reasonable grounds for the inquiry; and he may properly be satisfied of that fact by allegations, on the part of the petitioner, of any circumstances which tend to show that property of a decedent's estate is in the possession or under the control of the respondent, and that too, whether the petitioner positively alleges the existence of such facts, or merely avows his belief of their existence because of information received by him from sources that he fails to reveal.

The citation has properly issued, and the respondents must appear for examination.